FILED

2025 DEC -2 P 12: 06

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

John Doe,
Plaintiff,

v. Civil Action No. 1:25-cv-2224

Crystal Lofts Property Owner;
Arlington County Sheriff's Office;
Arlington County Circuit Court,
Defendants.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for a preliminary injunction under Federal Rule of Civil Procedure 65(a) to prevent execution of the writ of eviction until this action is resolved on the merits. Plaintiff has filed a Verified Complaint alleging ongoing violations of the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiff seeks an order maintaining the status quo because the eviction will permanently deprive Plaintiff of judicial review and cause irreparable harm.

**1. Plaintiff is likely to succeed on the merits.**

The Verified Complaint alleges that Plaintiff has been denied meaningful access to the courts in the underlying state eviction action. The Arlington County Circuit Court has refused to docket or rule on Plaintiff's motions, including requests for leave to file, requests for continuances, objections, and constitutional challenges. Clerks will not accept Plaintiff's filings because no judge will issue a written order clarifying whether an existing pre-filing restriction applies.

This has prevented Plaintiff from filing an Answer, Grounds of Defense, counterclaims, cross-claims, a jury demand, or any motion seeking to contest the underlying judgment. State

courts have provided no forum in which Plaintiff's rights can be adjudicated. Such allegations, if proven, constitute a clear violation of the Fourteenth Amendment right of access to the courts. Courts consistently recognize that procedural barriers that entirely prevent a litigant from filing, responding, or otherwise participating in judicial proceedings violate due process.

The state-court record reflects a complete absence of rulings on Plaintiff's requests. Plaintiff also alleges that chambers provided inconsistent oral statements regarding the status of the pre-filing restriction, but no written order was ever issued. This left Plaintiff unable to file any pleadings, despite repeated efforts to seek clarification. Because Plaintiff has been blocked from defending the unlawful-detainer action entirely, Plaintiff is likely to succeed on the merits of the denial-of-access claim.

2. **Plaintiff faces imminent and irreparable harm.**

The writ of eviction is scheduled to be executed on December 3, 2025, at 9:00 a.m. If executed, Plaintiff and the minor child for whom Plaintiff shares custodial responsibilities will lose their home. Eviction will result in the loss of essential belongings, important records, employment materials, school materials, and other personal property. These losses cannot be compensated with money damages.

Once executed, an eviction cannot be undone. Even if Plaintiff later prevails in this action, the loss of housing, property, stability, and the ability to participate in school and work obligations cannot be remedied. Because the harm is imminent and permanent, the irreparable-harm requirement is satisfied.

3. **The balance of equities favors Plaintiff.**

Granting a preliminary injunction merely maintains the status quo while the Court evaluates Plaintiff's constitutional claims. The harm to Defendants from a short delay in

enforcing the writ is minimal compared to the permanent harm Plaintiff will suffer from immediate eviction. Courts routinely hold that preventing homelessness while evaluating constitutional violations serves the equitable interests of justice.

4. **The public interest favors granting injunctive relief.**

The public has a compelling interest in ensuring that litigants receive fair access to the courts before being deprived of their homes. The possibility that a litigant has been prevented from filing pleadings, prevented from appearing, or prevented from being heard raises serious concerns regarding procedural fairness.

Moreover, preserving judicial review and preventing potentially unlawful evictions supports the public interest in maintaining the integrity of the legal system. The public is served when courts ensure that state procedures comply with constitutional requirements before enforcing judgments that displace families.

5. **Relief requested.**

Plaintiff requests a preliminary injunction prohibiting Defendants from executing or enforcing the writ of eviction and maintaining the status quo until this federal case is resolved on the merits or until further order of this Court. Plaintiff will promptly comply with any briefing schedule or hearing set by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Grant this Motion for Preliminary Injunction;
2. Enjoin Defendants from executing or enforcing the writ of eviction scheduled for December 3, 2025;
3. Maintain the status quo until this matter is adjudicated; and
4. Grant any additional relief the Court deems appropriate.

Respectfully submitted,

*/s/ John Doe*

John Doe

Plaintiff, pro se

Date: December 1, 2025