IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-2224 (RDA/LRV) |
| | ) |
| CRYSTAL LOFTS PROPERTY OWNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Dkt. 2), Motion to Proceed Under Pseudonym ("Pseudonym Motion") (Dkt. 3), Motion for Preliminary Injunction ("PI Motion") (Dkt. 8), Motion to Direct Service ("Service Motion") (Dkt. 10), and Plaintiff's Renewed Ex Parte Emergency Motion for a Temporary Restraining Order ("TRO Motion") (Dkt. 15). In support of his TRO Motion, Plaintiff filed an Amended Complaint (Dkt. 14) and seeks to enjoin an eviction action against him. *Id.*

First, the Court turns to Plaintiff's IFP Motion. Based on the financial information contained in Plaintiff's IFP Motion, the Court will grant Plaintiff leave to proceed *in forma pauperis*.

In his first Complaint, Plaintiff's primary argument was that he is subject to a prefiling injunction in state court and was therefore unable to file any pleadings related to the eviction action. Dkt. 1. Plaintiff's sole cause of action was a claim, pursuant to 42 U.S.C. § 1983, that Defendants Crystal Lofts Property Owner, Arlington County Sheriff's Office, and Arlington County Circuit Court were violating his rights to due process. *Id.* Plaintiff, however, provided no information about the prefiling injunction to which he is subject, any dates related to the eviction proceeding, no information about the eviction, no information about the lease that he presumably

had, and no information suggesting that he had a defense to the eviction action. Accordingly, this Court issued an Order denying Plaintiff's Motion for a temporary restraining order without prejudice. Dkt. 13.

On December 11, 2025, Plaintiff filed an Amended Complaint and renewed TRO Motion. Dkts. 14, 15. In his Amended Complaint, Plaintiff again brings claims against Defendants for violating his due process rights under 42 U.S.C. § 1983 as well as additional claims such as unlawful seizure of property, equal protection violation, conspiracy, administrative action by judicial officers, constructive eviction, breach of implied warranty of habitability, fraudulent concealment/misrepresentation, negligence, conversion, retaliatory conduct, and wrongful eviction. Dkt. 14. Plaintiff has also added additional Defendants to this action. Plaintiff asserts that some of these claims arise under the Sherman Act, the Virginia Antitrust Act, state tort law, and the Declaratory Judgment Act. *Id.* ¶ 2.

In his Amended Complaint, Plaintiff challenges his eviction by Defendant Crystal Loft and various actions by the Defendants. Plaintiff argues that Defendants' misallocation of his rental payments "contributed to the wrongful unlawful detainer action" and, because of a prefiling injunction, he was unable to file any responsive motions in the related state court action. *Id.* ¶¶ 51, 52, 60. Plaintiff further states that on December 3, 2025, he vacated the premises and expressly communicated to the landlord and to the Sheriff's Office that he was relinquishing physical possession of the unit to avoid a forcible lock-out and further damage to his property and rental history. *Id.* ¶ 58. Plaintiff further provides that that same day, Arlington County Sheriff's Office executed a writ of eviction. *Id.* ¶ 73. Plaintiff also brings his claims under the Sherman Act and the Virginia Antitrust Act and argues that his rent was directly impacted by a conspiracy to collect non-public data from competing landlords, run centralized algorithms, and distribute pricing

2

recommendations to eliminate competition and raise rents. *Id.* ¶ 76-79.

A motion for a temporary restraining order and a motion for a preliminary injunction are both subject to the requirements of Federal Rule of Civil Procedure 65(b). "While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A grant of injunctive relief requires the movant to establish: (1) that the plaintiff will likely succeed on the merits; (2) that the plaintiff will likely suffer irreparable harm if the injunction is denied; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff's Motion for a Preliminary Injunction is premised on the prior Complaint. Dkt. 8. Because the Complaint is no longer the operative pleading, that Motion is moot. Moreover, because a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction." *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000). It does not appear that Defendants have had such notice. Accordingly, the Motion for a Preliminary Injunction is denied.

It is also clear from a review of the Motion for a TRO that the relief that Plaintiff seeks is primarily aimed at Defendant Crystal Lofts and his eviction. Dkt. 15. The relief he requests seeks an order directing Crystal Loft to stop pursuing evictions proceedings, an order directing the Sheriff to stop enforcing the eviction, and an order restoring his tenancy. *Id.* at 5. He also seeks an order returning "any appeal bond that collected." *Id.* The goal of a temporary restraining order is to preserve the status quo. To the extent Plaintiff's requested relief is for the Court to issue an order for Defendants to cease treating the December 3, 2025 eviction as lawful and to restore

Plaintiff's tenancy status, this would not preserve the status quo. As Plaintiff stated in his Amended Complaint, as of December 3, 2025, Plaintiff voluntarily vacated his former residence and Defendants executed a writ of eviction. Dkt. 14 ¶¶ 58, 73. At the time of filing this TRO Motion on December 11, 2025, Plaintiff was *already* evicted. *See Kammerer v. Pennymac Loan Services*, 2024 WL 5434033, at *1 (D. Az. Oct. 15, 2024) (denying Plaintiff's Motion for Temporary Restraining Order because Plaintiff has not described any *future* actions Defendants are expected to take that would cause "immediate and irreparable" harm); *see also Ponder v. Mill at Westside Owner, LLC, et al.*, 2025 WL 4093541, at *1 (N.D. Ga. Dec. 10, 2025) (finding that Plaintiff had not shown a substantial likelihood of success on his claims and because he had not established the irreparable harm prerequisite for preliminary injunctive relief since Plaintiff alleges that he has already been evicted). Thus, Plaintiff cannot demonstrate irreparable harm in this regard. To the extent that Plaintiff seeks an order seeking return of his appeal bond, such relief is not irreparable, because the funds can be returned to Plaintiff. Moreover, although Plaintiff alleges that he collected funds, he does not allege that he ever paid a bond and does not allege the amount. Dkt. 14 at ¶¶ 66-70. Thus, Plaintiff has not satisfied the *Winter* factors in this regard.

With respect to Plaintiff's access-to-the-courts claim, Plaintiff's allegations are vague. He generally does not allege on what dates the alleged events in his Amended Complaint occurred. His Complaint also fails to include allegations regarding the context in which the prefiling injunction was issued or whether his allegations relate to one proceeding or many. The conflict of interest he alleges is not explained. To the extent he challenges a standing order or local rule of Arlington County Circuit Court, Plaintiff fails to identify them. Plaintiff asserts that he was precluded from filing pleadings, but does not allege on what dates he attempted to file them. Further, such allegations speak generally regarding "Defendants" and do not identify actions by

any particular individuals. Dkt. 14 ¶ 60 ("Plaintiff's inability to present these defenses was caused solely by Defendants' actions and was not the result of any default, waiver, or failure by Plaintiff."). Because of the lack of supporting details, Plaintiff has still failed to provide adequate factual allegations to support his claims and, thus, cannot demonstrate a likelihood of success on the merits. In short, his Motion for a TRO will be denied on all of these bases.

Plaintiff also appears to have misjoined claims pursuant to Federal Rule of Civil Procedure 21. Although Plaintiff's claims against Defendant Crystal Lofts can be considered related to the access-to-the-courts claim, the claims Sherman Act claims against Defendants RealPage and Yardi regarding the setting of rent are unrelated to those claims. Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, . . . 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *see also Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that a district court should have exercised its authority to dismiss improper defendants or sever unrelated claims). Plaintiff has not identified which claims he would choose to have proceed, so the Court will permit Plaintiff to further amend his Amended Complaint.

Further, Plaintiff has not satisfied the requirements to proceed under a pseudonym. A civil complaint typically must disclose the identities of the parties involved. *See* Fed. R. Civ. P. 10(a). The Fourth Circuit, however, has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). When determining whether a plaintiff may proceed pseudonymously, courts consider the following factors:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance

5

and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In consideration of the factors above, none weigh in favor of Plaintiff. Here, Plaintiff requests to proceed under pseudonym because he asserts that the litigation involves detailed facts concerning a disabled minor child, medical needs, educational accommodations, disability related disputes and that he is simultaneously involved in a sealed state-court matter relating to the child, which cannot be publicly described without revealing the identities of the minor and the parties involved. Dkt. 3 at 2. Plaintiff also cites fear of retaliatory treatment by state actors. *Id.* Plaintiff unreasonably merges the facts of another, on-going litigation involving his child with the instant action about his eviction. Nowhere in Plaintiff's relevant pleading does he make arguments related to his child, a disabled minor child, medical needs, educational accommodations, or disability related disputes. Plaintiff's desire to shield his minor child's identity is appreciated, but merely unsealing Plaintiff's name and true identity will not allow the public to ascertain information regarding Plaintiff's child, and, even if it did, such issues could be addressed via sealing.

Accordingly, it is hereby ORDERED that the Defendant's Motion to proceed *in forma pauperis* (Dkt. 2) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion to proceed under pseudonym (Dkt. 3) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (Dkt. 8) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Service (Dkt. 10) is GRANTED; and it is

FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk of the Court shall issue Summonses and initiate service of the Complaint and Summons on the Defendants. If the Defendants will not waive service of process, then the United States Marshals Service is directed to serve the Defendants with all due haste; and it is

FURTHER ORDERED that, on or before Friday, March 20, 2026, Plaintiff is DIRECTED to either file an Amended Complaint or to file a brief addressing Federal Rule of Civil Procedure 21 and whether all of the claims and parties in his Amended Complaint are properly joined; and it is

FURTHER ORDERED that Plaintiff's Renewed Ex Parte Emergency Motion for a Temporary Restraining Order (Dkt. 15) is DENIED.

To appeal this Court's decisions, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Order to Plaintiff.

Entered this 27th day of February, 2026.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge